OPINION OF THE COURT
George L. Cobb, J.
Before the court is intervenor’s application for a declaration that article 78 of the Mental Hygiene Law is unconstitutional because of its failure to provide for the appointment of counsel for indigent subjects of committeeship proceedings. The Attorney-General has opposed the application primarily on procedural grounds.
The court finds that intervenor has standing to seek the requested relief (Mixon v Grinker, 157 AD2d 423). The court also finds that the issue is ripe for judicial review and has not been rendered moot by the appointment of counsel for the individual alleged incompetent herein, since the issue is one which is clearly likely to recur and also likely to evade judicial review. The fact that the challenged provision of the Mental Hygiene Law will be repealed and replaced with a new statute, which does provide for appointment of counsel, does not render the issue moot since it is likely that numerous committeeship proceedings will be conducted prior to the effective date of the change in the law. Accordingly, the court finds that the application for a declaration of the unconstitutionality of article 78 of the Mental Hygiene Law presents a justiciable controversy ripe for review.
The Court of Appeals has determined that an alleged incompetent has a fundamental right to representation by counsel to promote and advocate the subjective wishes of the alleged incompetent in opposing a proceeding for a committeeship. The guardian ad litem provided pursuant to article 78 of the Mental Hygiene Law does not fulfill this right as the guardian asserts what he or she believes is in the alleged incompetent’s best interests rather than his or her subjective interests (Matter of Aho, 39 NY2d 241). A proceeding to declare a person incompetent effectively results in a complete loss of *931 personal liberty and property. The incompetent is no longer able to exercise any control over his person or his property and may be subjected to involuntary confinement to a hospital or nursing home by the committee under color of State law. As such, the court finds that an indigent person is entitled to assignment of counsel at public expense in any application for the appointment of a committee (see, People ex rel. Rogers v Stanley, 17 NY2d 256).
While the court finds that an indigent alleged incompetent is entitled to assignment of counsel as a matter of constitutional right, nothing in article 78 of the Mental Hygiene Law prohibits such assignment. As such, the court will rehabilitate the statute by supplying the missing constitutional safeguard (Matter of Bell v Waterfront Commn. of N. Y. Harbor, 20 NY2d 54, 62).
The intervenor’s application shall therefore be granted to the extent that it is determined and declared that article 78 of the Mental Hygiene Law is constitutional upon condition that it be construed to require the assignment of counsel at public expense to represent the subjective wishes of an indigent alleged incompetent.